IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

RASHEED AKINSANYA
    Petitioner

Docket #: 4:17-CR-00119-002

Vs.

UNITED STATES OF AMERICA
    Respondent

MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE UNDER 28 U.S.C. §2255

Come now RASHEED AKINSANYA here in after referred to as Petitioner as a pro se capacity through litigation respectfully move this Honorable Court to vacate, correct or set aside Under 28 U.S.C. §2255 the sentence that was imposed on May 29th 2018.

Petitioner pray and request that this court construe this pleading liberally held in the line of HAINES V. KERNER, 404 U.S. 519, 520-521, 92 S. CT. 594, 30 L. ED. 2D 652 (1972). Holding that "pro se litigants are to be held to lesser standard of review than that of attorneys who are formally trained in the law, that the pro se litigants are entitled to

a liberal construction of their pleadings.

## BACKGROUND INFORMATION

A criminal complaint dated February 13th, 2017 with Case # 17-0178m was filed in the United States District Court For The Southern District of Texas naming Rasheed Akinsanya as an individual who on or about the date of July 27th, 2016 to February 13th, 2017 in the County of Harris, in Southern District of Texas violated United States Criminal Code 18 U.S.C. §1344 for committing wire fraud and 18 U.S.C. §1546 for committing fraud and use of visa permits and other documents. SEE EXHIBIT 1 (The Criminal Complaint). The Criminal Complaint was based on investigations made by a U.S. Postal Inspector by the name of Mathew Boyden. The said complaint was issued by Honorable Francis H. Stacey a U.S. Magistrate Judge.

Petitioner was later arrested with an arrest issued by the court on February 15, 2017 by the United States Postal Service Inspection (USPIS) Agents and was remanded in custody after been charged with an indictment with case number: 4:17-CR-00119-001 of which petitioner had an individual by the name of

OLALEKAN OLAMIYI SHOWOLE as his co-defendant.

Record indicate that Petitioner was born in Nigeria and that he is a citizen of Nigeria until the date of his arrest and that he has no legal residency in the United States despite being married to an American Citizen and his last known address was believed to be 1025 Briar Forest, Apt #1027 Houston Texas 77042 and that he was a well educated individual who possesses a bachelor degree he obtained in a Nigerian University. It should also be noted that petitioner was married and had two very young kids before the set events occured and that he was the only bread winner of his wife and children as of then. He also had no criminal record till then.

## THE CRIME

The indictment against petitioner bears that Olalekan Olaniyi Showole agreed with co-defendant Rasheed Akinsanya, and others who appeared not to have been charged to commit the crime of wire fraud. The conspiracy began on or about January 1, 2016 and continued through approximately February 6, 2017. Conspirators outside the

United States sent fraudulent and counterfeit passport to Showole, Akinsanya and others, which contained different names and identification information. Showole and Akinsanya used the counterfeit passport to open bank accounts in the Houston area, knowing the passport were counterfeit. The conspirators subsequently wired fraudulently obtained funds to the accounts opened by Showole and Akinsanya. The funds were obtained by the conspirators through a variety of internet scams and petitioners were charged with wire fraud and aggravated identity theft.

Records have it that petitioner plead guilty to violating 18 U.S.C §1028 for identity theft and 18 U.S.C. §1028(A)(i) and (2) for aggravated identity theft as well as pleading guilty to violating 18 U.S.C. §820 For Communication Act and 18 U.S.C. §1349 and §1343 for conspiracy to commit wire fraud. For his crime, petitioner was sentenced by Honorable Judge Rosental of the United States District Court for the Southern District of Texas on May 29, 2018 to 63 months imprisonment for the wire fraud and 24 months for the aggravated identity theft making a sum total of 87 months for his crime. Petitioner

is now serving his prison sentence at Reeves County Detention Center #3. (A private Institution managed by GEO Group Inc.) located at Pecos Texas.

## THE RULE OF LAW PETITIONER RELY ON

Petitioner is relying on the Doctrine of Double Counting, the Rule of Inapplicability of Enhancement and the Section 3E1.1 of the United States Sentencing Guidelines in making his arguement.

As for "Double Counting", the United States Sentencing Guideline Manual §3D1.2(c) was designed to prevent double counting §3D1.2 application n.5. As discussed in GALVEZ-BARNES there is an element of double-counting in §2L1.2 as the guideline based the offense level largely on the defendant criminal history, which is also amounted for on the horizontal axis of the grid 355 F. Supp. 2d at 961.

Under the rule of inapplicability of enhancement. If a sentence under the guideline is imposed in conjuction with a sentence for an underlying offense, do not apply an specific offense characteristic for the transfer possession or use of names of identification when

determining the sentence for the underlying offense.

The sixth amendment right to counsel guarantee effective assistance of counsel. STRICTLAND V. WASHINGTON 466 U.S. 668, 686, 104 S. CT. 2052, 80 L.ED 2.D 674 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must prove both incompetent of counsel and prejudice to defendant case. In summary, defendant is entitled to relief because he has shown herein that trial counsel's performance fell outside the range of professional competent assistance and defendant clearly suffered prejudice as a result. A evidentiary hearing is required for similar reasons; a certificate of appealability should be issued.

## JURISDICTION

The sentencing commission pursuant to section 994(a)(1) of title 28, United States Code Subject to any amendment made to such guideline by the act of Congress regardless of whether such amendment have yet to be incorporated by the Sentencing Commission into amendment issued under Section 994 of Title 28, also Section 1B1.10 of the United

States Sentencing Guideline (a)(1) provides that this honorable court may vacate, correct or set aside sentencing imposed on the petitioner's term of imprisonment Under 28 U.S.C. §2255.

## THE FACT OF THE MATTER

Petitioner, Rasheed Akinsanya was arrested on a warrant issued by the Court as he was indicted and charged with Conspiracy to commit wire fraud in violation of 18 U.S.C. §1349 and §1341 as well as aggravated identity theft in violation of U.S.C. §1028A. Petitioner had only one co-conspirator who's name is Olalekan Olaniyi Showole. The Court calculated his guideline level as base offense level at U.S.S.G. §2B1.1(a)(1) as 7 and a 16 level increase for less of more than $1,500,000 but not more than $3,500,000 bringing his offense level to 23. Then the court added a 2 level enhancement for specific offense characteristic- U.S.S.G. §2B1.1 (b)(2)(A)(i) for 10 or more victims. The Court later added an additional 2 level of enhancement for specific offense characteristic U.S.S.G. §2B1.1 (b)(10)(B) because the court felt that substantial part of the fraudulent scheme was committed

from outside of the United States. After which the court further enhanced petitioner with 2 level for role played in the offense U.S.S.G. §3B1.1(c) bringing the total offense level to 29. The Court sentenced petitioner to 63 months inprisonment for the offense of wire fraud and sentenced him to an additional 24 months of inprisonment to run consecutively with the inprisonment of the wire fraud sentence for the aggravated identity theft offense.

## THE ISSUE BEFORE THE COURT

Petitioner comes before the Court humbled and asks the Court to re-examine the sentence that was handed down on him as it seem to be unjust and rectify the error of Double-Counting of levels of enhancements, the inapplicability of enhancement of aggravated identity theft as a separate and stand alone independent sentence of 24 months to run consecutively with the sentence of 63 months that petitioner received for the ~~time~~ fraud offense.

## ARGUEMENT AND REASONING

A district court can correct, set aside

and vacate a sentence that was previously imposed on a petitioner who is now serving a prison term. Under 18 U.S.C. §3582(c)(2) if there is reasonable probability that the sentence imposed was unconstitutional or that there appears to be a clear error in the sentence imposed or record shows that the serious misrepresentation or the evidence or information the court relied on while imposing the sentence. Here in petitioners case, it appears that there were several instances of such as regard to Double-Counting, Inapplicability of enhancement and total misrepresentation by petitioner counsel.

**First:** Petitioner was wrongly enhanced by 2 levels for specific offense characteristic, U.S.S.G. §2B1.1(b)(10)(B) because the court felt that substantial part of the fraudulent scheme was committed from outside of the United States. Petitioner argues against this enhancement as petitioner committed the entire crime in the United States. He never stepped out of the United States to commit the crime; there were no foreign individuals or institutions that was considered a victim of his crime, but rather individuals and institutions victims that was all in the United States. Hence, petitioner urges the

Court to withdraw this 2 levels of enhancement as it is unjust and is "Double-Counting". It allowed to remain as an enhancement as it is negated to a similar 2 Levels of enhancement for 10 or more victims of his crime. SEE ENHANCEMENT U.S.S.G. §2B1.1(b)(2)(A)(i).

**Second:** Petitioner was wrongly enhanced by 2 levels as a leader in the Conspiracy while record indicates that he was one of the defendant in the conspiracy to commit wire fraud involving several individual of which only him and a second individual by the name of Olalekan Olaniyi Showole were the only individuals charged in the indictment. There is no clarity who was the leader of the scheme as it appear Olalekan Olaniyi Showole was the head of the indictment and the mastermind of the whole fraudulent scheme.

Not withstanding who should be presume the leader or manager of an illegal operation, there were several other individuals who acted in a manager consistent of a leader, manager or head of an operation as petitioner was financed, directed, and controlled by others whoo were high up in the scheme. They provided him the passport that he used to open accounts; directed him to which bank to which to go and open the accounts and provided him

checks that was deposited to the account. Then instructed petitioner of how much to withdraw and when to do so. The money withdrew were then divided between petitioner and those high up individuals who help orchestrate the scheme leaving petitioner with minimal amount of money for keeps for his services. He was just a mole that was used by the high up individuals who stood to benefit most of the proceeds. Petitioner urges the Court to withdraw the 2 level enhancement for the role he played in the commission of the crime.

**Third:** Petitioner was wrongly sentence to 24 months to run consecutively with the 63 months sentence he received for the crime of wire fraud for the aggravated identity theft charge. The rule of Inapplicability urges the Court not to sentence a defendant like petitioner to a consecutive term of Imprisonment for aggravated identity fraud as it is believed that if a sentence under the guideline is imposed in conjuction with a sentence for an underlying offense, do not apply any specific offense characteristic for the transfer possession or use of means of identification when determining the sentence for the underlying offense. A sentence under this guideline account for this factor for the underlying offense conviction, including any such

enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (relevant conduct) "means of identification", has the means given that term in 18 U.S.C. §1028(d)(7) U.S.S.G. §2B1.6 cmt. n. 2 (emphasis added) whether application note 2 applies depend on the text of the "Specific Characteristic" at issue see e.g. UNITED STATES V. JONES, 792 F.3d 831, 835 (7th Cir.) (observing that the two-level enhancement for "Production of any counterfeit access devise or like Petitioner forged a passport to open an account Under §2B1.1(b)(11)(B)(i) did not constitute "the transfer, possession, or use of a means of identification" under §2B1 (emphasis added) cert. Denied 136.ct. 435, 193 L.ED. 2d 338 (2015). Reason that petitioner Rasheed Akinsanya should have not been sentence to a consecutive term of 24 months for the aggravated identity theft since he used the same probable cause of possession and use of the forged passport for both the wire fraud offense as well as the aggravated identity theft offense.

 <u>Fourth:</u> Bad lawyering provides sole means to rectify plea bargain. (See) UNITED STATES V. MURRAY D.C. Cir. 17-3006, 7/31/18.

where counsel failed to object when Murray was sentenced according to higher guidelines range is inexcuseable. This failure was considered plain error. Counsel's failure to object provides another potential avenue for relief. The Court said that if Murray can show that the failure to object was constitutionally defective assistance, his sentence may be reduced.

Here Government deny's, defend and deflect from the record that clearly shows Pre-Trial Ineffectiveness of Counsel; for not filing any pre-trial motions on behalf of defendant including but not limited to Omnibus Motion; not presenting defendant with discovery and or any Brady Material. (Facts and evidence comes from court docket sheet which indicate that Counsel did not file any Omnibus Motion to squash indictment or to dismiss any change on indictment, none did she file any motion to Surpress any evidence the Government had collected. As discussed in the above mention which is a valid ground for relief, Counsel did not contest the charges against defendant in any way or form despite defendant making numerous request that Counsel

do so on his behalf. Defendant seeks protection of STRICKLAND as counsel incompetence cause material harm.

As the Court is well aware, defense counsel may not fail to conduct an investigation (e.g. No Discovery shown to defendant) and then rely on the resulting ignorance to excuse her failure to explore a strategy that would have yielded exculpatory evidence, and or present available mitigation evidence. Mitigating Factors were present Counsel was not excused or relieved of presenting available Factors For Downward Variance. Record is unequivocal court should reject the assertion that counsel made a strategic choice not to argue for a reasonable sentencing structure. (See GLOVER V. UNITED STATES S. CT. 2001). Under the guidelines in a proper and effective manner causing a higher sentence position more than constituted prejudice. At sentencing "Guiding hand of Counsel" was needed and nowhere to be found. The Petitioner humbly asks this Honorable Court that vacature is required.

<u>Fifth</u>: The District Court committed procedural error in failing to recognize certain

Mitigating Factors as a valid ground for variance and otherwise imposed an unreasonable sentence.

STANDARD OF REVIEW: Defense requested that the District Court grant a variance based on the fact mitigating circumstances were present. The Court ignored the fact that defendant was not only in Criminal History I, but that he had no criminal history points. This was not a case where defendant had convictions which had aged out, he had no prior arrest or contact with Law Enforcement. The Sentencing Commission's own studies reflect that Criminal History I defendants have a lower rate of recidivism and that "True" Criminal History Category I's i.e. defendants with no criminal history points have an even lower recidivism rate. United States Sentencing Commission, Recidivism and First Offender: A component of the 20-year report on the U.S. Sentencing Commission's Legislative Mandate, at 13 (May 2004). The fact that defendant managed to be Law abiding for years would certainly support the inference that the current offense was an aberration

in an other-wise Law Abiding life." Court shall impose a sentence sufficient but not greater than necessary" finally based on history and characteristics of defendant a downward departure is "Invariably Warranted".

\*\*\* Defendants crime constituted aberrant behavior.

\*\*\* Unlikely to be a recidivest.

\*\*\* Defendant manifested super acceptance of responsibility.

\*\*\* Defendant is the "Irreplaceable caretaker of young children, elderly, and/or seriously ill family members, and the extent of the departure appropriately serves to protect those family members.

\*\*\* Others not charged e.g. co-defendant and others not charged should be factored. Disparity is a proper ground for departure UNITED STATES V. DAAS 198 F.3d 1167, 1180-81 (9th Cir. 1999).

Defendant submits that the District Court procedurally erred in refusing to recognize 3553(a) - characteristics in the above-mentioned as a valid Variance Factor. Defendant also challenges the Double Counting in §2L1.1.2 as the Guideline Range was based on the

offense level largely on the defendant's Criminal History which was overstated and not challenged by ineffective counsel. In addition defendant respectfully challenges the reasonableness of his 87 month sentence. Defendant's sentence was the result of the imposition of multiple punishment for the same offense. To a defendant who had no prior criminal record and who has been law-abiding for years a Downward Departure Under U.S.S.G. S. 4A1.3 (b) may be warranted if the defendant criminal history category substantially over-represents the seriousness of the defendant will commit other crimes. Due to all this mitigating factor, petitioner has suffered a decline in health condition. Petitioner is currently diagnosed with High Blood Pressure, Panic Attacks anxiety due to stress, osteoporosis and have been limited treated for Tuberculosis due to the limitations and rules at Reeves County Detention Center (A GEO Facility). Petitioner unable to receive the proper medications and health care to effectively treat health concerns.

The Covid-19 Virus may be fatal for those suffering from heart related diseases.

With Petitioner pre-existing conditions, petitioner is fearful of what may come as this virus reaches the facility with numerous correction officers testing positive. Petitioner is extremely vulnerable to severe complications or death should he contract the virus. The record and PSR reflect petitioner family has a history of stroke and heart attack.

Furthermore, Petitioner is the irreplaceable caretaker for wife and two young children including elderly and seriously ill family members.

## SUMMARY OF ARGUEMENT

Petitioner contend that he is indeed guilty of the offense of which he was charged, that he knowingly, voluntarily and intelligently plead guilty to the offense he was charged with and accepted responsibility for his offense on a time basis. But petitioner believes the Court should have not enhanced him by 2 level for specific offense characteristic U.S.S.G. §2B1.1(b)(10)(B); should have not enhanced him by 2 level as a leader; should have not sentenced him to 24 month inprisonment for aggravated

identity theft to run consecutively with the 63 months he received for the wire fraud offense; and the ineffectiveness of his counsel and his criminal history should be humbly considered as well for Downward Variance respectfully to be considered.

## CONCLUSION

Where for the above mentioned reasons, petitioner humbly prays that this Court re-examine his case and grant him the Motion to Vacate, Correct and Set-Aside of Sentence that the court deem fair and just for the Interest of Justice.

Respectfully Submitted

Rasheed Akinsanya (Petitioner) Pro-Se.



Ash*
Reg#: 186535-479
Reeves County Detention Center III
P.O Box 2038
Pecos, Texas 79772

United States Courts
Southern District of Texas
FILED

AUG 25 2020

David J. Bradley, Clerk of Court

Clerk
United States District Court
Southern District of Texas
P.O Box 61010
Houston, Texas 77208



ZIP 79772
02 4W
0000364260
U.S. POSTAGE